IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BESSIE MOORE,
*Plaintiff*,

v.

NATIONAL RAILROAD PASSENGER
CORP.
*Defendant.*

Civil Action No. ELH-16-3015

**MEMORANDUM**

On August 30, 2016, Bessie Moore, the self-represented plaintiff, brought suit against defendant National Railroad Passenger Corporation ("Amtrak"), arising out of an injury that she sustained while boarding an Amtrak train in Baltimore. ECF 1. Although the Complaint does not explicitly state a cause of action, I construe it to assert a claim for negligence under Maryland law. *See also* ECF 1-2 (civil cover sheet).[1]

In her Complaint, Moore states that on December 20, 2013, at 1:30 p.m., she boarded an Amtrak train at Pennsylvania Station in Baltimore for a trip to Philadelphia, Pennsylvania. ECF 1 at 2. As she was walking down the aisle, her "right foot became entangled in the strap of a passenger's bag." *Id.* According to Moore, she was "unable to disengage [her] right foot from the strap", causing her to fall forward. *Id.* Moore states that she tore her right rotator cuff in the fall, which had to be surgically repaired. *Id.* She also suffered pain in her left arm and hips as a result of the fall. *Id.* Moore seeks $200,000 in damages. *Id.* at 3.

---

[1] Subject matter jurisdiction is appropriate in this Court under 28 U.S.C. §§ 1331 and 1349 because "the United States owns more than one half the stock of AMTRAK . . . ." *Maryland Transit Admin. v. Nat'l R.R. Passenger Corp.*, 372 F. Supp. 2d 478, 480 (D. Md. 2005) (Davis, J.); *see also In re Rail Collision Near Chase, Md. on Jan. 4, 1987 Litig.*, 680 F. Supp. 728, 730 (D. Md. 1987).

Now pending is Amtrak's motion to dismiss (ECF 7), which is supported by a memorandum of law. ECF 7-1 (collectively, Motion). After the Motion was filed, the Clerk mailed Moore a letter informing her: "Amtrak National Railroad Passenger Corporation filed a motion to dismiss or for summary judgment. If this motion is granted, it could result in the dismissal of your case or the entry of judgment against you." ECF 9 ("Rule 12 Letter"). Moreover, the Rule 12 Letter advised Moore of her right to respond, and provided her with information as to the relevant Federal Rules of Civil Procedure and Local Rules to assist her in doing so. *Id.* Moore has not responded, and the time for her to do so has expired. *See* docket; Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall grant the Motion.

## I. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ___, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the well-pleading allegations are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Hall v. DirecTV, LLC*, ___F.3d ___, No. 15-1857, 2017 WL 361065, at *4 (4th Cir. Jan. 25, 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d

435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative

defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

## II. Discussion

In the Motion, Amtrak argues that the Complaint is subject to dismissal because Moore has failed to make allegations sufficient to state a claim for negligence under Maryland state law. ECF 7-1 at 2-4.

The Maryland Court of Appeals recounted the elements of a prima facie case of negligence in *Hamilton v. Kirson*, 439 Md. 501, 523–24, 96 A.3d 714, 727 (2014). It said, *id.* (internal quotations, alteration, and citation omitted):

> To state a claim for negligence a party must show 1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty.

It is axiomatic that common carriers, including Amtrak, owe passengers "something *more* than an ordinary duty of care during transport." *Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223, 874 A.2d 973, 977 (2005) (emphasis in *Seymour*); *see also Baltimore City Passenger Ry. Co. v. Kemp*, 61 Md. 619, 623 (1884) ("A common carrier of passengers, who accepts a party to be carried, owes to that party a duty to be careful, irrespective of contract."). The Maryland Court of Appeals has said: "A common carrier owes its passengers *the highest degree of care* to provide safe means and methods of transportation for them." *Todd v. Mass Transit Admin.*, 373 Md. 149, 156, 816 A.2d 930, 934 (2003) (emphasis added).

But, "a common carrier is not the insurer of absolute safety . . . ." *Carolina Coach Co. v. Bradley*, 17 Md. App. 51, 57, 299 A.2d 474, 478 (1973). Thus, "in the case of a foreign substance in the aisle or on the floor of a conveyance the plaintiff must show that the foreign substance was placed there by an employee of the carrier or that the employee knew, or by the

exercise of proper care and diligence should have known of the presence of such foreign substance and failed to remove it." *Hall v. Washington Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 633 (D. Md. 2010) (internal quotations and citation omitted); *accord Lusby v. Baltimore Transit Co.*, 195 Md. 118, 122, 72 A.2d 754, 755 (1950).

Here, Moore has alleged that she suffered an injury because she became entangled in a strap attached to a passenger's bag, which was in the aisle of an Amtrak railcar. But, she has not set forth any facts from which the Court can reasonably infer negligent conduct on the part of Amtrak. Notably, Moore has not alleged the length of time that the strap was positioned on the aisle of the railcar, nor why she did not see it. As Amtrak points out, ECF 7-1 at 4: "The bag and strap may have belonged to a passenger that had just sat down in their seat and placed the bag on the floor or, having been seated for some amount of time, had done something with the bag immediately before Plaintiff came along to cause the strap to fall into the aisle way."

Analogy to Maryland cases concerning premises liability is helpful. An owner or occupier of land only has a duty to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 560 A.2d 1130, 1135 (1989); *see Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 44, 656 A.2d 307, 312 (1995) (stating owner owes "a duty of ordinary care to keep the property safe for the invitee."); *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 239, 164 A.2d 273, 276 (1960); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997); *Pahanish v. Western Trails, Inc.*, 69 Md. App. 342, 355, 517 A.2d 1122, 1128 (1986). The duties of a business invitor thus include the obligation to warn invitees of known hidden

dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. *Tennant*, 115 Md. App. at 388, 693 A.2d at 374.

In *Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d 637, 641 (D. Md. 2012), Judge Blake of this Court explained: "The duty owed to an invitee is 'to use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the invitee] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover.'" (Quoting *Deboy v. City of Crisfield*, 167 Md. App. 548, 555, 893 A.2d 1189, 1193 (2006)) (modifications in *Deboy*); *accord Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972); *see also Pahanish*, 69 Md. App. at 355, 517 A.2d at 1128 ("At common law, the landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered.").

Although the business invitor has a duty to protect against unreasonably dangerous conditions, the business invitor is not an insurer of the invitee's safety. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232, 210 A.2d 724, 725 (1965); *Lexington Market Authority v. Zappala*, 233 Md. 444, 446, 197 A.2d 147, 148 (1964). Moreover, like the owner, the invitee has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee. Accordingly, the owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger. *Casper*, 316 Md. at 582, 560 A.2d at 1135; *Tennant*, 115 Md. App. at 389, 693 A.2d at 374.

> [T]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care. The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.

W. Page Keeton, *et. al.*, PROSSER AND KEETON ON THE LAW OF TORTS, § 61, at 426 (5th ed.1984). *See also, e.g.*, *Rehn v. Westfield Am.*, 153 Md. App. 586, 593, 837 A.2d 981, 984 (2003) ("'[S]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises.'") (quoting *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994)), *cert.* denied, 380 Md. 619, 846 A.2d 402 (2004).

Regarding the burden of proof, "[i]n an action by a customer to recover damages resulting from a fall in a store caused by a foreign substance on the floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 119, 113 A.2d 405, 408 (1955); *see Garner v. Supervalu, Inc.*, 396 Fed. Appx. 27, 29 (4th Cir. 2010); *Maiga v. L.F. Jennings, Inc.*, DKC-08-1858, 2010 WL 889670, at *3 (D. Md. Mar. 5, 2010); *Moulden*, 239 Md. at 233, 210 A.2d at 726; *Zappala*, 233 Md. at 446, 197 A.2d at 148; *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315–316, 918 A.2d 1230, 1235 (2007).

Therefore, a plaintiff must allege either that defendant created the dangerous condition that caused her fall, or that defendant had actual or constructive notice of the condition. "Constructive knowledge" has been defined by the Maryland Court of Appeals as follows:

> [T]he customer cannot recover unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it.

*Rawls v. Hochschild, Kohn & Co.*, *supra*, 207 Md. at 120, 113 A.2d at 409; *accord Alford v. Food Lion, LLC*, CCB-12-3514, 2013 WL 5940130, at *2 (D. Md. Nov. 4, 2013); *Black v. Kmart Corp.*, JKB-09-2351, 2010 WL 2292217, at *2 (D. Md. June 4, 2010).

To show that a defendant had constructive notice of a hazardous condition, the evidence must be sufficient to "allow a reasonable juror to conclude that" the substance on which a plaintiff slipped and fell "was present long enough for [the defendant], using reasonable care, to have discovered it." *Alford*, 2013 WL 5940130, at *2; *see also, e.g.*, *Yates v. Wal–Mart Stores, Inc.,* 2004 WL 1083250, at *2 (D. Md. May 11, 2004) ("[C]ourts have been reluctant to conclude that the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer."); *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 264, 833 A.2d 17, 24–25 (2003) ("'It is not necessary that there be proof that the inviter had actual knowledge of the conditions creating the peril; it is enough if it appear[s] that it could have discovered them by the exercise of ordinary care, so that, if it is shown that the conditions have existed for a time sufficient to permit one, under a duty to know of them, to discover them, had he exercised reasonable care, his failure to discover them may in itself be evidence of negligence sufficient to charge him with knowledge of them.'") (citation omitted); *Joseph,* 173 Md. App. at 316, 918 A.2d at 1236 ("In terms of constructive knowledge, . . . it is necessary for the plaintiff to show how long the dangerous condition has existed.").

In *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 639-40, 871 A.2d 627, 638 (2005), the Maryland Court of Special Appeals identified two purposes underlying Maryland's requirement of "time on the floor" evidence:

> (1) [I]t requires a demonstration of how long the dangerous condition existed prior to the accident so that the fact-finder can decide whether the storekeeper would have discovered it if he or she had exercised ordinary care; and (2) it also shows that the interval between inspections was at least as long as the time on the floor. Thus, proof of time on the floor is relevant, not only as to notice but also as to the issue of what care was exercised.

*Accord Oliver v. Maxway Stores*, WGC-12-3033, 2013 WL 6091844, at *4 (D. Md. Nov. 18, 2013).

These cases illustrate the defects in Moore's suit. She has failed to plead the elements of a prima facie case for negligence, because she has not adequately alleged that Amtrak breached its duty of care to her. She has not alleged that Amtrak had actual or constructive knowledge of the luggage strap, nor has she alleged why she could not see the strap in the aisle. Stated differently, although Moore has stated that she suffered harm aboard an Amtrak train, she has failed to set forth facts to show why or how that harm is attributable to Amtrak.

### III.    Conclusion

I shall GRANT the Motion, *without prejudice*, because Moore has failed to allege a prima facie case of negligence against Amtrak. Moore shall be granted leave to amend, as set forth in the Order that follows.

Date: April 18, 2017              /s/
                                                        Ellen Lipton Hollander
                                                        United States District Judge