IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BESSIE MOORE,
    *Plaintiff*,

v.

NATIONAL RAILROAD PASSENGER
CORP.
    *Defendant*.

Civil Action No. ELH-16-3015

**MEMORANDUM**

Bessie Moore, the self-represented plaintiff, brought suit against defendant National Railroad Passenger Corporation ("Amtrak"), arising out of an injury that she sustained on December 20, 2013, when she tripped over a luggage strap while boarding an Amtrak train in Baltimore. ECF 1. By Memorandum (ECF 13) and Order (ECF 14) of April 18, 2017, I granted Amtrak's motion to dismiss under Fed. R. Civ. P. 12(b)(6). I concluded that Moore did not allege the elements of a prima facie case of negligence because she "ha[d] not alleged that Amtrak had actual or constructive knowledge of the luggage strap . . . ." ECF 13 at 10. However, the dismissal was without prejudice and with leave to amend. ECF 14. Thereafter, Moore filed an unsigned Amended Complaint, alleging that "defendant was negligent." ECF 15.

Amtrak has again moved to dismiss under Rule 12(b)(6) (ECF 16), supported by a memorandum of law. ECF 16-1 (collectively, "Motion").[1] The Clerk subsequently sent a notice to Moore stating, in part: "Defendant filed a motion to dismiss or for summary judgment. If this motion is granted, it could result in the dismissal of your case or the entry of judgment

---

[1] Curiously, Amtrak also filed an Answer to Moore's Amended Complaint. *See* ECF 17.

against you." ECF 18. Moreover, the Clerk advised Moore of her right to respond to the Motion. *Id.*

On June 14, 2017, the Clerk received Moore's "Response To Defendant's Answers To Plaintiff's Amended Complaint", which did not contain Moore's original signature. *See* Docket. In a Return Document Order of the same date (ECF 19), I stated: "It is not necessary to respond to the defendant's answer to the amended complaint; however, you can respond to the motion to dismiss within the time specified in the rule 12/56 letter sent on 5/26/17, ECF 18." On July 5, 2017, Moore again filed a document with the heading: "Response To Defendant's Answers To Plaintiff's Amended Complaint." ECF 20 ("Response"). It contains responses to the various defenses asserted by Amtrak in its Answer to the Amended Complaint.

The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Because Moore is a self-represented litigant, the Court will construe Moore's Response (ECF 20) as her opposition to the Motion. For the same reason, I will assume that plaintiff intended to incorporate in her Amended Complaint (ECF 15) all of the factual allegations she included in ECF 1.

Nevertheless, no hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I. Factual Summary

In her Complaint (ECF 1), Moore stated that at 1:30 p.m. on December 20, 2013, she boarded an Amtrak train at Pennsylvania Station in Baltimore for a trip to Philadelphia. *Id*. at 2. As she was walking down the aisle, her "right foot became entangled in the strap of a

passenger's bag." *Id.* According to Moore, she was "unable to disengage [her] right foot from the strap", causing her to fall forward. *Id.* Moore claims that she tore her right rotator cuff in the fall, which had to be surgically repaired. *Id.* She also suffered pain in her left arm and hips as a result of the fall. *Id.* Moore seeks $200,000 in damages. *Id.* at 3.

Moore's Amended Complaint (ECF 15) does not recite these facts in detail. She generally reiterates that she fell while boarding an Amtrak rail car because of "the unsafe condition [that] was on the plaintiff's [sic] property." *Id.*

In the Amended Complaint, Moore notes that Amtrak conductors are typically "diligent in maintaining safe passage through rail car aisles", that "safe travel is rightfully expected" by passengers, and "due diligence should have been taken [by Amtrak] to assure safe travel." ECF 15. According to Moore, Amtrak was aware of the "possibility" that another passenger's luggage could obstruct the aisle, and could have "prevented this accident" by the "exercise of due diligence to clear the aisles . . . ." *Id.* Notably, Moore states that it was "impossible" for her to "have known how long the [luggage] strap was in the aisle" because "the incident occurred while [she] was boarding the train." *Id.*

## II.     Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.

To be sure, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam). Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint is insufficient if it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those

facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora, LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555-56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint", *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative

defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).[2]

### III. Discussion

In the Motion, Amtrak argues that the Amended Complaint is subject to dismissal because Moore "fails once again to allege facts sufficient to meet her *prima facie* burden" for a claim of negligence under Maryland state law. ECF 16-1 at 2-5.

The Maryland Court of Appeals recounted the elements of a prima facie case of negligence in *Hamilton v. Kirson*, 439 Md. 501, 523-24, 96 A. 3d 714, 727-728 (2014). It said, *id.* (internal quotations, alteration, and citation omitted):

> To state a claim for negligence a party must show 1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty.

Common carriers, such as Amtrak, owe passengers "something *more* than an ordinary duty of care during transport." *Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223, 874 A.2d 973, 977 (2005) (emphasis in *Seymour*); *see also Baltimore City Passenger Ry. Co. v. Kemp*, 61 Md. 619, 623, 1884 WL 3597, at *2 (1884) ("A common carrier of passengers, who accepts a party to be carried, owes to that party a duty to be careful, irrespective of contract."). As the Maryland Court of Appeals has said: "A common carrier owes its passengers *the highest degree of care* to provide safe means and methods of transportation for them." *Todd v. Mass Transit Admin.*, 373 Md. 149, 156, 816 A.2d 930, 934 (2003) (emphasis added).

---

[2] Amtrak asserts in its Motion that plaintiff does not allege facts showing she exercised due care for her own safety. ECF 16-1 at 5. Nor does she explain why she could not see the strap in the aisle. *See Coleman v. Soccer Ass'n of Columbia*, 432 Md. 679, 685, 69 A.3d 1149, 1152 (2013) (recognizing Maryland's "long-established common law principle of contributory negligence"); *see also id.* at 690, 69 A.3d at 1155. However, under the principles outlined earlier, it is not appropriate to address the affirmative defense of contributory negligence in the context of this Motion.

Nevertheless, "a common carrier is not the insurer of absolute safety . . . ." *Carolina Coach Co. v. Bradley*, 17 Md. App. 51, 57, 299 A.2d 474, 478 (1973); *see Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232, 210 A.2d 724, 725 (1965); *Lexington Market Authority v. Zappala*, 233 Md. 444, 446, 197 A.2d 147, 148 (1964). Moreover, there is generally no duty to warn with respect to an open and obvious danger. *See Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 582, 560 A.2d 1130, 1135 (1989). Rather, the duty of a business invitor includes the obligation to warn an invitee of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997).

Of relevance here, "in the case of a foreign substance in the aisle or on the floor of a conveyance the plaintiff must show that the foreign substance was placed there by an employee of the carrier or that the employee knew, or by the exercise of proper care and diligence should have known of the presence of such foreign substance and failed to remove it." *Hall v. Washington Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 633 (D. Md. 2010) (internal quotations and citation omitted); *accord Lusby v. Baltimore Transit Co.*, 195 Md. 118, 122, 72 A.2d 754, 755-756 (1950).

Moore has alleged that she suffered an injury while boarding the train, when she became entangled in a luggage strap in the aisle of the rail car. ECF 1 at 2; ECF 15. But, she has failed to set forth any facts from which the Court can reasonably infer that Amtrak should have known of the luggage strap in the aisle and failed to correct it. Even accepting Moore's allegations as true, they are insufficient to show that Amtrak had actual or constructive knowledge that a luggage strap was obstructing the aisle.

"Constructive knowledge" has been defined by the Maryland Court of Appeals as

follows:

> [T]he customer cannot recover unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it.

*Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 120, 113 A.2d 405, 409 (1955); *accord Alford v. Food Lion, LLC*, CCB-12-3514, 2013 WL 5940130, at *2 (D. Md. Nov. 4, 2013); *Black v. Kmart Corp.*, JKB-09-2351, 2010 WL 2292217, at *2 (D. Md. June 4, 2010).

As plaintiff points out, the incident occurred as she was boarding the train. ECF 15. Critically, Moore has not alleged any facts as to the length of time the strap was in the aisle of the rail car, nor any facts as to which an inference could be drawn that the strap had been on the floor for a length of time sufficient to give rise to constructive notice to Amtrack. Indeed, Moore concedes in the Amended Complaint that it is "impossible" for her to "know[ ] how long the strap was in the aisle" because she tripped "while [she] was boarding the train." *Id.* And, Moore also acknowledges that it is a "possibility" that another passenger "caused the strap to be in the aisle." *Id.* The strap on which Moore tripped certainly could have belonged to a passenger who also just boarded the train, and who was still settling in. ECF 7-1 at 6; *see also* ECF 16-1 at 4.

Cases concerning premises liability in Maryland are informative. An owner or occupier of land has a duty to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. *Casper*, 316 Md. at 582, 560 A.2d at 1135; *see Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d 637, 641 (D. Md. 2012) ("The duty owed to an invitee is 'to use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the

invitee] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover.'") (quoting *Deboy v. City of Crisfield*, 167 Md. App. 548, 555, 893 A.2d 1189, 1193 (2006)) (modifications in *Deboy*); *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 44, 656 A.2d 307, 312 (1995) (stating that an owner owes "a duty of ordinary care to keep the property safe for the invitee"); *accord Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972); *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 239, 164 A.2d 273, 276 (1960); *Tennant*, 115 Md. App. at 388, 693 A.2d at 374; *Pahanish v. Western Trails, Inc.*, 69 Md. App. 342, 355, 517 A.2d 1122, 1128 (1986) ("At common law, the landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered.").

Notably, where a danger is open and obvious, there is no duty to warn. *Casper*, 316 Md. at 582, 560 A.2d at 1135; *Tennant*, 115 Md. App. at 389, 693 A.2d at 374.

> [T]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care. The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.

W. Page Keeton, *et al.*, PROSSER AND KEETON ON THE LAW OF TORTS, § 61, at 426 (5th ed. 1984); *see also, e.g.*, *Rehn v. Westfield Am.*, 153 Md. App. 586, 593, 837 A.2d 981, 984 (2003) ("'[S]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises.'") (quoting *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994)), *cert. denied*, 380 Md. 619, 846 A.2d 402 (2004).

Regarding the burden of proof, "[i]n an action by a customer to recover damages

resulting from a fall in a store caused by a foreign substance on the floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence." *Rawls v. Hochschild, Kohn & Co.*, *supra*, 207 Md. at 119, 113 A.2d at 408; *see Garner v. Supervalu, Inc.*, 396 Fed. App'x. 27, 29 (4th Cir. 2010); *Maiga v. L.F. Jennings, Inc.*, DKC-08-1858, 2010 WL 889670, at *3 (D. Md. Mar. 5, 2010); *Moulden*, 239 Md. at 233, 210 A.2d at 726; *Zappala*, 233 Md. at 446, 197 A.2d at 148; *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315-316, 918 A.2d 1230, 1235 (2007). Of course, at this juncture plaintiff need not *prove* anything. Nonetheless, she must allege facts and/or inferences that, if proven, would show that Amtrak created the dangerous condition or had actual or constructive knowledge of it and breached the duty of care by failing to attend to it.

To show that a defendant had constructive notice of a hazardous condition, the evidence must be sufficient to "allow a reasonable juror to conclude that" the substance on which a plaintiff slipped and fell "was present long enough for [the defendant], using reasonable care, to have discovered it." *Alford*, 2013 WL 5940130, at *2. As Judge Andre Davis said in *Yates v. Wal–Mart Stores, Inc.*, AMD-03-2804, 2004 WL 1083250, at *2 (D. Md. May 11, 2004): "[C]ourts have been reluctant to conclude that the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer." *See also Adams v. Kroger Ltd. Partnership I*, 527 F. App'x. 265, 269 (4th Cir. 2013) (per curiam) (distinguishing cases where the plaintiff could not establish when the dangerous condition developed; noting that 19 minutes elapsed between the spill in the store and the fall, and concluding that the trial court erred in finding a lack of constructive notice); *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 264, 833 A.2d 17, 24-25 (2003) ("'It is not necessary that there be proof that the inviter had actual knowledge of the conditions creating the peril; it is

enough if it appear[s] that it could have discovered them by the exercise of ordinary care, so that, if it is shown that the conditions have existed for a time sufficient to permit one, under a duty to know of them, to discover them, had he exercised reasonable care, his failure to discover them may in itself be evidence of negligence sufficient to charge him with knowledge of them.'") (citation omitted); *Bozzuto*, 173 Md. App. at 316, 918 A.2d at 1235 ("In terms of constructive knowledge, . . . it is necessary for the plaintiff to show how long the dangerous condition has existed.").

In *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 639-40, 871 A.2d 627, 638 (2005), the Maryland Court of Special Appeals identified two purposes underlying Maryland's requirement of so called "time on the floor" evidence:

> (1) [I]t requires a demonstration of how long the dangerous condition existed prior to the accident so that the fact-finder can decide whether the storekeeper would have discovered it if he or she had exercised ordinary care; and (2) it also shows that the interval between inspections was at least as long as the time on the floor. Thus, proof of time on the floor is relevant, not only as to notice but also as to the issue of what care was exercised.

*Accord Oliver v. Maxway Stores*, WGC-12-3033, 2013 WL 6091844, at *4 (D. Md. Nov. 18, 2013).

These cases illustrate the fatal deficiencies in Moore's suit. She has failed to plead the elements of a prima facie case for negligence because she has not alleged facts to show that Amtrak caused the alleged luggage strap to obstruct the rail car aisle, or that Amtrak had actual knowledge of the aisle's obstruction and failed to attend to the danger, or that the strap was in the aisle for a period of time of sufficient duration to constitute constructive notice to Amtrak. In other words, Moore has failed to set forth facts to show that the harm was attributable to Amtrak.

## IV. Conclusion

I shall GRANT the Motion, with prejudice, because Moore has again failed to allege a prima facie case of negligence against Amtrak.

Date: October 5, 2017

/s/
Ellen Lipton Hollander
United States District Judge